## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MAURICE WOODSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 06-cv-1119 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **O R D E R**

Before the Court is the Motion to Vacate, Set Aside or Correct Sentence filed by Petitioner, Maurice Woodson, on May 8, 2006.  For the reasons that follow, the Motion is DENIED.

### **I.  BACKGROUND**

On August 19, 2004, the Grand Jury returned an indictment charging Petitioner, Maurice Woodson, with possession with the intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Petitioner was represented by attorney Robert Andre Alvarado during the criminal proceedings against him.  On March 15, 2005, Petitioner entered a blind plea of guilty and was sentenced on June 30, 2005.  Petitioner was sentenced to 120 months' incarceration on each count to be served concurrently and 4 years' supervised release on the drug count and 3 years' supervised release on the

gun count to be served concurrently.  Judgment was accordingly entered on July 1, 2005.

During the change of plea hearing, Petitioner responded to various questions posed by the Court.[1]  Petitioner indicated that he was aware of the charges against him and that he had discussed possible defenses with attorney Alvarado.  (COP 5-6.)  He stated that no one was forcing him to plead guilty or unduly pressured him to plead guilty.  (COP 6.)  He further indicated that he was satisfied with attorney Alvarado's advice and counsel.  (COP 6.)  Petitioner stated that he understood the charges against him and the elements of each charge.  (COP 7-8.)  With respect to the drug count, the following exchange occurred:

> Q.  I have to satisfy myself that there is a factual basis for your pleas of guilty so I need you to tell me, Mr. Woodson, what you did on July 28th of last year that cause you to be pleading guilty to Count I and II of the indictment.  Let's take Count I.  What did you do that cause you to believe that you are guilty of that offense in Count 1?
>
> A.  Well, Your Honor, I made a mistake.  I thought I threw the pipe and the rocks in between the couch and later on in the evening, I guess I only took the pipe out of my pocket.
>
> Q.  And what was found in your pocket?

---

[1]  Petitioner's criminal case is captioned *United States of America v. Maurice Woodson*, 1:04-cr-10050.  Petitioner's change of plea transcript is located in the criminal case file at document 29 and will be designated as "COP ___" in this Order.  The transcript of Petitioner's sentencing hearing is located in the criminal case file at document 30 and will be designated as "SH ___" in this Order.

> A. Crack cocaine, crack base, cocaine base, Your Honor.
>
> Q. Now, you used two words, crack and cocaine base. Are they the same thing in your mind?
>
> A. Yes, sir.
>
> (COP. 20.)

The government further stated that evidence at trial would reveal that police officers found approximately ten grams of crack cocaine upon a search of Petitioner after his arrest. (COP 23.)

With respect to the gun charge, the following exchange occurred:

> Q. And Count II, what are the facts that cause you to believe that you're guilty of Count II, that is the possession of the pistol?
>
> A. Buying a weapon and having a weapon in my possession.
>
> Q. Where was the weapon in your possession?
>
> A. Before I went into the house.
>
> (COP 21.)

The government further indicated that no weapon was found on the Petitioner's person or in the immediate vicinity of his arrest. (COP 22.) Rather, after a resident of the house from which Petitioner emerged told police that Petitioner had placed a handgun in the couch, police located and remove the weapon. (COP. 22.) The government stated that the evidence would reveal

3

that the gun had traveled in interstate commerce and that Petitioner was a felon at the time of possession.  (COP 22-23.)

Petitioner filed the pending motion pursuant to 28 U.S.C. § 2255 on May 8, 2006.  Petitioner raises a number of grounds for relief primarily related to the effectiveness of attorney Alvarado.  First, Petitioner asserts that counsel was ineffective for failing to investigate or pursue a motion to suppress the firearm that forms the basis of Count 2 of the indictment.  Second, Petitioner asserts that counsel was ineffective for failing to argue that Petitioner's driving offenses should be "grouped."  Third, Petitioner argues that counsel was ineffective for failing to object to the pre-sentence report (hereinafter "PSR") regarding his driving offenses and subsequent over-representation in his criminal history.  Fourth, Petitioner argues that counsel was ineffective for failing to adequately explain the difference between cocaine base and crack.  Fifth, Petitioner argues that counsel was ineffective for failing to argue that a marijuana conviction listed in the PSR was not attributable to Petitioner. Throughout these main ineffectiveness arguments, Petitioner also asserts that counsel compelled him to enter into a guilty plea, that counsel failed to conduct an adequate investigation into his case, and that counsel failed to contact him or to adequately discuss his case.  Sixth, Petitioner asserts that

4

there was insufficient evidence to convict him of possession of crack cocaine.  Petitioner ultimately argues that had his counsel been effective, he would not have entered into a guilty plea and would not have been sentenced to 120 months' incarceration.

## II.  DISCUSSION

**A.  Standard**

28 U.S.C. § 2255 provides that a sentence may be vacated, set aside, or corrected:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

Relief under § 2255 is "an extraordinary remedy to one who already has had an opportunity for full process."  <u>Kafo v. United States</u>, 467 F.3d 1063, 1068 (7th Cir. 2006).  A hearing is not required if the records "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255, ¶2; <u>Almonacid v. United States</u>, 476 F.3d 518, 521 (7th Cir. 2007); <u>Kafo</u>, 467 F.3d at 1067 (noting that in order for a hearing to be granted, the affidavit that accompanies a § 2255 motion must be a detailed and specific document that constitutes actual proof of the allegations and not merely unsupported assertions).  An

evidentiary hearing in this matter is unnecessary as the issues can be resolved on the documents provided to the Court.

**B.  Ineffective Assistance of Counsel**

Petitioner's ineffectiveness claims are analyzed under the familiar standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  In order to prevail on these claims, Petitioner must show that his counsel's performance was objectively deficient and that this deficient performance prejudiced his defense.  Id. at 687.  Counsel's performance is deficient if it "is one that falls below an objective standard of reasonableness under prevailing professional norms."  Shell v. United States, 448 F.3d 951, 954-955 (7th Cir. 2006). Petitioner bears a "heavy burden" in establishing this first prong because of a strong presumption that counsel's conduct was reasonable.  Id.  In the specific context of a guilty plea, Petitioner must show that "counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty."  Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000).

**1.  Failure to file a motion to suppress the gun**

Petitioner first claims that counsel was deficient for failing to pursue a motion to suppress the gun.  In order to prevail on this claim, Petitioner must "'prove the motion was [or would be] meritorious.'"  Shell, 448 F.3d at 955 (quoting

6

United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2006); See also United States v. Stewart, 388 F.3d 1079, 1084 (7th Cir. 2004).  Petitioner asserts that counsel should have sought to suppress the gun because it was not found on his person or in the vicinity of his arrest.

Petitioner has offered no factual basis or legal argument that would indicate that a motion to suppress would be successful.  In his affidavit, Petitioner only states that he sought counsel to interview "named" and "un-named" witnesses.  The affidavit does not indicate what light these witnesses would shed on the gun issue.  Petitioner also does not argue that, even if counsel had filed a motion to suppress, it would have been successful.  As noted above, the weapon was abandoned by Petitioner in a couch of a house that he had exited.  Petitioner had no privacy interest, and therefore no Fourth Amendment protection, in abandoned property.  United States v. Pitts, 322 F.3d 449, 455-456 (7th Cir. 2003); United States v. Rem, 984 F.2d 806, 810 (7th Cir. 1993).  As such, Petitioner's motion to suppress would have been without merit and counsel cannot be ineffective for failing to pursue such a motion.  Stewart, 388 F.3d at 1085.

> **2. Failure to argue that driving offenses should be grouped, failure to object to the over-representation of driving offenses in the PSR and, failure to dispute the attribution of the marijuana offense to Petitioner**

7

Petitioner argues that his sentence would have been less had counsel raised these arguments at his sentencing hearing. Even if Petitioner could show that counsel was deficient in raising these arguments, his defense was not prejudiced by any such deficient performance.

Petitioner first argues his attorney was deficient for failing to argue that his past driving offenses should have been "grouped" thereby reducing his sentence. The case authority cited by Petitioner does not illuminate the basis for Petitioner's argument that his guidelines range would be reduced had his driving offenses been considered as a group rather than individually. In a related argument, Petitioner contends that counsel was ineffective for failing to argue that his driving offenses were over-represented in the PSR. Again, the case authority cited by Petitioner does not advance his argument.[2]

---

[2] Petitioner states that Glover v. United States, 531 U.S. 198 (2001) is an analogous case and supports these arguments. In Glover, the Supreme Court ultimately held that there is no minimum amount of increased jail time that would be considered prejudice under a Strickland analysis. Thus, the fact that the petitioner in Glover may have been subjected to 6 to 21 months of additional imprisonment because of his counsel's deficient performance was sufficient to show prejudice. Id. at 203 ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). Glover does not stand for the proposition that counsel is ineffective for failing to make the arguments suggested by Petitioner in the case at bar.

In any event, the "grouping" that Petitioner appears to refer to is the grouping of related counts as provided by Section 3D1.1, *et seq*, of the Sentencing Guidelines. The guidelines suggest that related counts in an indictment should be combined in order to prevent, in part, "multiple punishment for substantially identical offense conduct." U.S. Sentencing Guidelines Manual Ch. 3 Pt. D, Introductory Commentary (2004). No part of the guidelines suggest that crimes for which the Petitioner has been convicted and sentenced (which are then used to assess his criminal history) should also be so grouped. As such, counsel cannot be ineffective for failing to argue this point.

Petitioner's argument that counsel was ineffective for failing to argue that his criminal history was over-represented because of his numerous driving offenses also is without merit. At sentencing, attorney Alvarado argued:

> Your Honor, I'm not going to try to explain Mr. Woodson's criminal history or the fact of the matter that he does have problems with police officers. He has had that in the past. I would point out that 11 of his criminal history points are for driving offenses. Not that those aren't serious, too, but it does place his criminal history more in a proper light when you consider that.
>
> (SH 9).

Thus, Petitioner's attorney did make an argument and highlight that a number of items in Petitioner's criminal history

9

represented driving offenses.  Petitioner's attorney also suggested an incarceration range of 110 to 137 months and not the range of 188 to 235 months advocated by the government. This Court gave Petitioner the benefit of the doubt and some leniency in imposing a term of imprisonment that was within the range advocated by Petitioner's counsel.  Thus, as counsel in fact made the argument that Petitioner advocates, he was not ineffective.

In addition, Petitioner has not shown any prejudice.  Even if the points attributed to Petitioner's criminal history, because of his driving offenses, were omitted, he still would have been subject to a criminal history category of VI in light of his prior convictions for aggravated battery (five points), unlawful possession of a firearm (three points), that fact that he was on parole (two points), the proximity in time of the instant offenses to previous offenses (one point), driving under the influence (two points), and possession of Cannabis (one point).  These fourteen points would have nonetheless placed Petitioner in a criminal history category of VI.  Moreover, even if counsel was ineffective for not arguing that the possession of Cannabis offense could not be attributed to Petitioner, he would still be in a criminal history category of VI, which only

requires thirteen points. Thus, Petitioner has not shown prejudice.[3]

### 3. Failure to explain the difference between cocaine base and crack

Petitioner argues that counsel was ineffective for failing to explain the difference between cocaine base and crack cocaine and that if he had known the difference, he would not have pleaded guilty. Petitioner further asserts that he would have sought to have the substance tested in order to make an informed choice with respect to pleading guilty.

All crack cocaine is cocaine base but not all cocaine base is crack cocaine. Petitioner is correct in noting that possession of crack cocaine with the intent to distribute may carry more severe penalties that the possession of cocaine base that is not crack cocaine. See United States v. Abdul, 122 F.3d 477, 478 (7th Cir. 1997). The Seventh Circuit has recognized however that "'those who smoke, buy, or sell this stuff [crack cocaine] are the real experts on what is crack.'" United States v. Earnest, 185 F.3d 808, 812 (7th Cir. 1999) (quoting United

---

[3] The Court also notes that if all of Petitioner's driving offenses were omitted, including the DUI , and the Cannabis offense was omitted, Petitioner would have had eleven criminal history points which would have placed him in a criminal history category of V. In light of his offense level of 31, Petitioner's guideline range would have nonetheless been 168-210 months., well above the 120 months that were imposed during sentencing. For this additional reason, Petitioner has not shown prejudice.

States v. Bradley, 165 F.3d 594, 596 (7th Cir. 1999)). Petitioner certainly is one who has admitted to possessing "20 rocks" with the intent of smoking them or selling them. (COP 21.)

During the plea colloquy, the Court questioned Petitioner about his possession of crack cocaine. Petitioner stated that he was aware of the charge against him, that he was charged with possession of "cocaine base or crack." (COP 5.) Specifically the Court admonished Petitioner as follows:

> Q. . . . . They have to prove that on or about the day in question, July 28, 2004, within the Central District of Illinois, you knowingly possessed five grams or more but less than 20 grams of a mixture and substance containing cocaine base or crack?
>
> A. Yes, sir.
>
> Q. Do you know what crack is?
>
> A. Yes, sir.
>
> Q. And that this crack is a Schedule II controlled substance and that you posses this crack with the intent to distribute it. You understand what you have been charged with?
>
> A. Yes, I do, Your honor.[4]
>
> (COP 7.)

Petitioner further was admonished that he faced five to forty years for possession of crack cocaine. (COP 8). Thus, whether

---

[4] Petitioner argues that the phrase "cocaine base or crack" is confusing because of the use of "or." This argument is without merit as this Court highlighted the term crack in the above quoted passage.

12

or not Petitioner's counsel had informed him of the difference between cocaine base and crack cocaine would have made no difference. Petitioner was aware of what he was charged with, possession of crack cocaine. And, as indicated above, the government would have proved that the substance was crack cocaine. Petitioner has not shown that he was prejudiced by counsel's omission.

### 4. Failure to adequately investigate or contact Petitioner

Finally, Petitioner asserts that counsel was ineffective for failing to adequately investigate this case and for failing to remain in contact with Petitioner. Specifically, Petitioner argues that counsel failed to properly investigate the facts contained in the pre-sentence report (in particular the cannabis conviction) and he failed to prepare for the sentencing hearing. None of these arguments have merit.

Attorney Alvarado states in his affidavit that he "reviewed the discovery and conducted further investigation into" Petitioner's case. (Alvarado Aff. ¶ 3.) He determined that no further investigation was necessary in light of the overwhelming evidence of guilt that the government would have presented. (Alvarado Aff. ¶ 4.) He nonetheless sought to suppress the crack cocaine. (Alvarado Aff. ¶ 4.) Based on this evidence,

13

this Court cannot find that Alvarado's representation of Petitioner fell below the Strickland standard.

Petitioner cannot show that he was prejudiced by counsel's actions. His argument with respect to the failure to investigate the cannabis conviction is without merit as such an investigation would have not resulted in a reduced sentence. Therefore, counsel was not ineffective for failing to root out this discrepancy. Petitioner has only offered vague arguments about what further investigation into his claim would have revealed, if anything. He also does not indicate how he would have benefited from additional contact with his attorney.

In any event, at his change of plea hearing, Petitioner indicated that he discussed the charges against him with his attorney and he was satisfied that he gave his attorney all of the information of which he was aware. (COP 5-6.) He indicated that no one was forcing him to plead guilty and that his attorney did not unduly pressure him into pleading guilty. (COP 5-6.) He further was satisfied with the advice and counsel offered by Alvarado. (COP 6.) These representations made during a plea colloquy are presumed to be truthful. United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004). These statements belie Petitioner's current arguments that his counsel failed to adequately represent him or that he compelled Petitioner to plead guilty.

**C.  Remaining argument: sufficiency of the evidence**

Petitioner's only remaining argument is that the government has failed to prove beyond a reasonable doubt that the substance he possessed was in fact crack cocaine.  This argument must fail as "[h]is guilty plea operates as a waiver of all non-jurisdictional defects" that were not reserved.  United States v. Rogers, 387 F.3d 925, 932 (7th Cir. 2004).  In entering a guilty plea, Petitioner did not reserve the issue of whether there was sufficient evidence to support a conviction.  Petitioner could have but did not file a direct appeal of his conviction and he is now barred from raising this claim for the first time in a § 2255 motion.  See Ballinger v. United States, 379 F.3d 427, 429 (7th Cir. 2004).  Petitioner has not shown any cause or prejudice for this procedural default.

### III. CONCLUSION

For the foregoing reasons, the Motion to Vacate, Set Aside or Correct Sentence filed by Petitioner, Maurice Woodson, on May 8, 2006 is DENIED.  Judgment is granted in favor of Respondent and against Petitioner.  CASE TERMINATED.


Entered this   1st   day of August, 2007

                                    s/ Joe B. McDade
                                    JOE BILLY McDADE
                                    United States District Judge